# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2023

Lyle W. Cayce
Clerk

———————

No. 22-60407

———————

Melody Laury,

*Plaintiff—Appellant*,

*versus*

Mississippi Department of Rehabilitation Services,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:21-CV-712

_____

Before Elrod, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Melody Laury brought suit against her employer, Defendant Mississippi Department of Rehabilitation Services, alleging that she was paid less than a coworker because of her race. Defendant moved for summary judgment. Applying the familiar burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the district court first determined that Laury established a prima facie case of race discrimination. The district

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60407

court then determined that Defendant proffered legitimate, nondiscriminatory reasons for the pay disparity. Finally, the district court determined that Laury failed to present any evidence whatsoever suggesting that Defendant's reasons were pretextual. The district court granted summary judgment in Defendant's favor. Laury's only argument on appeal is that she did not bear the burden of proof as to pretext at summary judgment. That argument is clearly foreclosed by both Supreme Court and circuit precedent. *See, e.g.*, *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003); *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). *See also Gray v. Mississippi Dep't of Rehab. Servs.*, 2023 WL 119636 (5th Cir. 2023). Accordingly, we affirm.